# EX PARTE VIDAL.

## APPEAL from the District Court of Mayaguez.

No. 157.—Decided December 16, 1905.

ACKNOWLEDGMENT OF NATURAL CHILD—EVIDENCE OF FILIATION—CERTIFICATE OF BAPTISM.—The acknowledgment of a natural child set out in a certificate of baptism without the intervention of the father and without any evidence of the acknowledgment other than a simple statement by the minister making the certificate, is not sufficient to show the filiation of such natural child.

The facts are stated in the opinion.

*Mr. Lopez Londron* for appellant.

*Mr. Rossy, fiscal,* for The People.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an application of Felix Vidal Morales requesting the District Court of Mayaguez to declare him the intestate heir of Don Felix Ramon Morales. The said Felix Vidal Morales claims himself to be the recognized natural son of the said Felix Ramon Morales. As a proof of his filiation the petitioner presented his certificate of baptism, and, besides, two

498 EX PARTE VIDAL.

witnesses declared that Don Felix Ramon Morales died without having made a testament, leaving as his only heir Don Felix Vidal Morales the recognized son of the former. There was presented besides, the death certificate of Don Felix Ramon Morales.

The District Court of Mayaguez, after citation to the *fiscal* and hearing the witnesses, decided against the applicant, with the following considerandos:

"*Concluding:* That it has not been proven that Felix Vidal Morales is the recognized son of Felix Ramon Morales by any public document, such as the law requires, nor even tacitly, which was sufficient under the former law in force prior to the enactment of the Civil Code in 1890, and revised last year.

"*Concluding:* That the basis for the acknowledgment which is sought is lacking, or a declaration of intestate heirship by Don Felix Ramon Morales, of Don Felix Vidal, since the latter does not even use the surname of the person whom he claims is his father, except in the second sense, and all this should previously be cleared up.

"*Concluding:* That legitimate and illegitimate children succeed their fathers, but that is in the case that such paternity affirmatively appears, and the recognition of a natural son requires formalities which have not been followed in the present case.

"The petition for a declaration of intestate heirship is denied."

We have decided in the case of *Carmen Ramos y Rosario ex parte* that recognition set forth in a certificate of baptism without the intervention of the father, or other evidence of such recognition except the simple allegation of the minister who issued the certificate, is not enough to prove the filiation of a natural son. In the present case, we add, that the testimony of the witnesses is so general that they did not increase the value of the evidence presented.

We are, therefore, of the opinion that the judgment appealed from must be affirmed, authorizing the petitioner, however, to present his claim in accordance with the provisions of the law in regard to special legal proceedings, approved on the 9th of March of the present year, as set out in the opinion

of this court in the case of Carmen Ramos y Rosario above cited.

*Affirmed.*

Chief Justice Quinones and Justices Hernandez, Figueras and MacLeary concurred.